

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-36,864-02

### EX PARTE FRANCES KELLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 924220-B IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.* *Johnson, J. filed a concurring opinion.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to forty-eight years' imprisonment. The Third Court of Appeals affirmed her conviction. *Keller v. State*, No. 03-92-00604-CR (Tex. App.—Austin Oct. 26, 1994)(not designated for publication).

Applicant contends, among other things, that her conviction was based on the false testimony of Dr. Michael Mouw. Dr. Mouw testified at Applicant's original trial that he observed physical

indications of sexual abuse in the complainant. Dr. Mouw has now recanted that trial testimony. The trial court held a hearing during which Dr. Mouw testified that his testimony at Applicant's initial trial was misleading and that he now believes that what he believed to be trauma was actually a normal variation in the complainant's anatomy.

Based on the testimony at the writ hearing, the State and Applicant presented agreed findings of fact to the trial court, recommending that relief be granted due to false evidence. The trial court agreed and signed the findings. The trial court's recommendation is supported by the record. Applicant is entitled to relief. *Ex parte Chavez*, 371 S.W.3d 200, 206-207 (Tex. Crim. App. 2012); *Ex parte Ghahremani*, 332 S.W.3d 470, 478 (Tex. Crim. App. 2011). Applicant also alleges that she is actually innocent of the offense. Based on both the trial court's findings and this Court's independent review of the record, those claims are denied.

Relief is granted on the basis of false testimony. The judgment in Cause No. 924220 in the 147th District Court of Travis County is set aside, and Applicant is remanded to the custody of the Sheriff of Travis County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  May 20, 2015
Do not publish